IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAY THOMPSON                                                                                    PETITIONER

v.                            CRIMINAL NO.  19CR50109-001

UNITED STATES                                                                                RESPONDENT

### REPORT AND RECOMMENDATION

Petitioner Jay Thompson ("Petitioner") filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 81) on March 7, 2022.  The Court directed a response from the United States which was filed on April 6, 2022. (ECF No. 84).  United States District Court Judge Timothy L. Brooks referred the Motion to the undersigned for Report and Recommendation pursuant to Rule 72.1 (VIII)(B) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas.

### I.     Background

Petitioner was named in a one-count Indictment filed on November 20, 2019, in the Western District of Arkansas, Fayetteville Division, which charged Petitioner with using a facility and means of interstate commerce to attempt to persuade, induce and entice an individual who he believed has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense.  (ECF No. 1).  The Court appointed Joe Alfaro, Assistant Federal Public Defender, to represent Petitioner (ECF No. 7); Anna Williams, Asistant Federal Public Defender, also entered her appearance on behalf of Petitioner on February 25, 2020.

A jury trial was conducted on March 2-3, 2020, by Judge Brooks; a unanimous jury found Petitioner guilty on Count One of the Indictment. (ECF No. 49). On August 12, 2020, Petitioner was sentenced to 120 months imprisonment along with imposition of a $1,900 fine, 5 years of supervised release, and a special assessment of $100. (ECF No.64). Petitioner filed a notice of appeal on August 25, 2020; the Court of Appeals for the Eighth Circuit affirmed his conviction on September 3, 2021. *See United States v. Thompson*, 11 F.4th 925 (8th Cir. 2021). Petitioner timely filed his § 2255 Motion which is now ripe for decision.

## II. Petition for Habeas Corpus

Petitioner alleges four grounds for habeas relief under § 2255, each premised as a claim of ineffective assistance of counsel, and which may be summarized as follows:

(1) Counsel was ineffective for failing to object to prosecutorial misconduct (a) during the questioning of Petitioner regarding the credibility of Special Agent Faulkner, one of the United States' witnesses, and (b) during the United States' rebuttal closing argument with respect to the same subject.

(2) Counsel was ineffective when failing to argue or object to multiple issues with respect to one of the United States' trial witnesses, Detective Nguyen, against Petitioner.

(3) Counsel was ineffective by failing to argue that investigators were unprepared for an interview of Petitioner, including that the investigators did not test their recording device prior to the interview and thus, failed to secure a recording of same.

(4) Counsel was in effective by failing to argue that there were two different *Miranda* rights forms, only one of which had the signatures of both Officer Sears and Special Agent Faulkner.

(ECF No. 81, pp. 4-9).

In its response, the United States contends that numerous of Petitioner's grounds were raised and adversely decided against him on appeal and cannot be relitigated in this § 2255 Petition.

2

The United States says that the remainder of Petitioner's contentions are entirely without legal basis or merit as Petitioner's counsel made the arguments which Petitioner now complains were not made during trial.

### III.   Discussion

"A prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

This Court's thorough review of Petitioner's § 2255 Motion and the records of his case conclusively illustrate that Petitioner is not entitled to relief, and the undersigned recommends denial and dismissal of his § 2255 Motion with prejudice without conducting an evidentiary hearing.

#### A.  Ineffective Assistance of Counsel

The United States correctly notes that a movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of § 2255. *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996)  To prove a claim of ineffective assistance of counsel, Petitioner must

demonstrate both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id.* at 688. Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

1. **Failure to Object to Prosecutorial Misconduct Related to Cross-Examination and Rebuttal related to Agent Faulker credibility**

Petitioner argues in Ground One that his counsel was ineffective for failing to object to prosecutorial misconduct (a) during the government's cross-examination of Petitioner regarding the credibility of Special Agent Faulkner, and (b) during the government's rebuttal closing argument with respect to Faulkner's credibility.

Problematic for Petitioner is that the Eighth Circuit examined his conviction and found that neither the questioning of Petitioner regarding Agent Faulkner's credibility nor the government's rebuttal arguments amounted to "plain error:"

> Without in any manner intending to bestow our imprimatur on the cited remarks and comments, we concluded that they did not so infect Thompson's trial with unfairness that the conviction must be reversed. As set forth above, this case did not turn substantially on Faulkner's testimony, because a reasonable jury could have convicted on Nguyen's testimony and the email and text message records alone. Moreover, the district court's instructions to the jury were sufficiently curative to minimize any risk of prejudicial impact. *See United States v. Eagle*, 515 F.3d 794, 806 (8th Cir. 2008).

4

*Thompson*, 11 F.4th at 930. Issues decided on direct appeal cannot be raised again in a § 2255 Motion. *Dall v. United States,* 957 F.2d 571, 572 (8th Cir. 1992) (per curiam) ("Claims which were raised and decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to 28 U.S.C. § 2255.")

Even if revisited, Petitioner fails to establish a reasonable probability that Judge Brooks would have sustained the objections, had they been made. And most importantly, Petitioner fails to demonstrate that absent his trial counsel's alleged error (i.e., failure to object on grounds that would have been sustained), there is a reasonable probability that the outcome of his trial would have been different (i.e., Petitioner would have been acquitted). *Strickland,* 466 at 694. The Eight Circuit aptly observed that a reasonable jury could have convicted Petitioner on Nguyen's testimony and the email/text messages alone, without any of the Agent Faulkner testimony. *Thompson,* 11 F.4th at 930. Therefore, even had Petitioner convinced this Court that counsel's performance was deficient (and he has not), Petitioner cannot establish he was prejudiced by counsel's failure to object. *Etheridge v. Atkins*, 665 F.2d 228, 232 (8th Cir. 1981).

**2.      Failure to Object During Agent Nguyen Testimony**

Petitioner argues in Ground Two of his § 2255 Motion that his counsel was ineffective for (a) failing to argue that Agent Nguyen was 28 years old; (b) failing to contend that Agent Nguyen initiated contact and directed the conversation to one of a sexual nature; and (c) failing to object when Agent Nguyen made an in-court identification of the Petitioner.

Addressing the last argument first, the trial record reflects that Petitioner's counsel did object when the government solicited an in-court identification of Petitioner; the Court sustained the objection of Petitioner's counsel and then, following the Court's instructions, counsel for the government walked Agent Nguyen through a more proper identification of Petitioner. (Trial

5

Transcript, pp.111-112). With respect to the age of Agent Nguyen, Petitioner's counsel specifically identified her age during his closing argument, contrary to the assertions of Petitioner. (Trial Transcript, P. 143). And finally, with respect to Petitioner's argument that his counsel should have highlighted Agent Nguyen's efforts to lead the conversation in a sexual nature, there is sufficient evidence in the trial record that Petitioner messaged Agent Nguyen after responding to her Craigslist advertisement as Skye and after being told Skye was 13-years old. Petitioner's counsel cross-examined (and re-crossed) Agent Nguyen, and simply because Petitioner now finds it inadequate does not make it so. The Court does not find that, during cross-examination of Agent Nguyen, Petitioner's counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment'" and despite Petitioner's criticisms, counsel's particular cross-examination may be viewed as sound trial strategy. *Strickland*, 466 U.S. at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice,* 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Moreover, counsel's ultimate inability to dissuade the jury from convicting Petitioner does not equate to any determination that counsel's competence during trial was deficient or fell below the range of competence demanded of counsel in criminal cases. *See James v. Iowa,* 100 F.3d 586, 590 (8th Cir. 1996) (counsel is not ineffective simply because his arguments ultimately are unsuccessful). Where a movant fails to establish deficient performance by counsel, the Court need proceed no further in its analysis of an ineffective assistance of counsel claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

    **3.**    **Failure to Argue Law Enforcement Was Unprepared to Record Interview**

Petitioner contends in Ground Three that counsel was ineffective for failing to argue that Agent Faulkner and/or other officers were so unprepared that they did not test their recording

6

devices before the interview of Petitioner, and/or for failing to argue there was no recording of an interview of Petitioner that took place in a federal detaining facility. Like Petitioner's Ground Two contentions, the trial record reflects that counsel did, in fact, argue that – to his astonishment – there was no explanation for why there was no recording of the interview of Petitioner that occurred at a Homeland Security office. (Trial Transcript, pp. 214-15). The Court finds no deficiency or error by counsel with respect to Gound Three.

### 4. Failure to Argue There Were Two (Inconsistent) *Miranda* Forms

Petitioner contends in Ground Four that his counsel was ineffective when failing to address that there were two different *Miranda* forms generated from Petitioner's interviews. Again, Petitioner's memory is faulty as the record clearly reflects that counsel not only cross-examined Agent Faulkner about the *Miranda* forms but introduced the one omitting Agent Faulkner's signature and later addressed the multiple forms during closing argument. (Trial Transcript p. 214, Defendant's Exhibit No. 7). Again, the Court detects no deficient performance on the part of counsel, finding Ground Four without merit.

### B. No Evidentiary Hearing is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen*, 114 F.3d at 703 (quoting *Voytik*, 778 F.2d at 1308). Such are the circumstances in this case. Resolution of each of Petitioner's claims can be accomplished by reviewing the record and applicable law and thus, summary dismissal of Petitioner's § 2255 Motion without an evidentiary hearing is recommended.

### C. No Certificate of Appealability is Warranted.

Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the movant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

For the reasons stated herein, it is recommended that Petitioner's Motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (ECF No. 81) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 9th day of May 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE